AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| DAVID RESNICK | ) Case No. 11-027-LRJ |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 27, 2011__ in the county of __St. Lucie__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 Section 2252 (a)(4)(B) | Possession of child pornography |
| Title 18 Section 922(g)(1) | Prohibited person in possession of a firearm |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

_____
Complainant's signature

SA Alex Rivas, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 4-29-11

_____
Judge's signature

City and state: West Palm Beach, Forida

Linnea R. Johnson, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT OF ALEX D. RIVAS SPECIAL AGENT FEDERAL BUREAU OF INVESTIGATION

I, Alex D. Rivas, after being duly sworn, depose and state:

1. I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI), and I have been so employed for over sixteen (16) years. I am currently assigned to the Miami Division, Fort Pierce Resident Agency (FPRA). During my tenure as a Special Agent of the FBI, I have investigated a variety of federal criminal violations, to include matters relating to the sexual exploitation of minors, internet child pornography, firearms violations, and offenses in violation of Title 18, United States Code, Sections 922 and 2252 et. seq. I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States,

2. Since November, 2010, I have been assisting the Indianapolis Division, Merrillville Resident Agency (MERA) of the FBI with their investigation of DAVID ALAN RESNICK (RESNICK), date of birth (DOB) October 2, 1979, the individual named herein. That investigation involves allegations that RESNICK crossed state lines with intent to engage in a sexual act with a minor under the age of 12, in violation of 18 U.S.C. § 2241(c), and transported and possessed child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (a)(4)(B).

3. The statements in this Affidavit are based on my own investigation on this matter, as well as, information provided to me by FBI (MERA) Special Agent Lana K. Sabata, Detective Brian Broughton of the Martin County Sheriff's Office (MCSO), and other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause that on April 27, 2011, RESNICK unlawfully possessed child pornography and a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2252(a)(4)(B), and does not include each and every fact known to me concerning this investigation.

## BACKGROUND OF INDIANA FBI INVESTIGATION

4. Since January 2010, FBI SA Sabata (MERA) has been investigating RESNICK regarding allegations that in July/August 2008, RESNICK sexually abused a 9 year old male referred to herein as A.M. after RESNICK convinced A.M.'s mother to allow A.M. to travel with RESNICK on a two-week trip through various states. At that time, RESNICK was an over-the-road truck driver. A.M. has been interviewed several times and alleges that:

    a. While traveling with RESNICK for the two week period, RESNICK

touched him on his wiener several times while A.M.'s clothes were off and that RESNICK placed his mouth on A.M.'s wiener several different times. A.M. could not remember how many times RESNICK had touched him while he was naked, but stated that it happened almost every day over the two week period.

      b.    A.M. and RESNICK traveled to many states during the trip, and A.M. specifically named Minnesota, Texas, Ohio, and Washington. A.M. reported that RESNICK had touched him in a hotel, but he could not recall in which state this occurred. A.M. added that during the trip, RESNICK was pulled over by police for not stopping at a weigh station. A.M. stated that when that happened, RESNICK pulled out a black pistol and told A.M. not to say anything to police or he (RESNICK) would shoot A.M. According to A.M., RESNICK told the police officer that A.M. was his son.

      c.    A.M. disclosed that RESNICK "stuck his penis in my butt." According to A.M., RESNICK attempted this one time earlier while in the bed of the semi truck, but was not successful. On the second attempt in an unknown motel room, RESNICK did succeed and had warned A.M. that he was going to do so. A.M. stated he told RESNICK he did not want RESNICK to do this, but RESNICK continued anyway. A.M. stated he was naked when RESNICK inserted his penis into his rectum. A.M. stated his rectum burned from the incident, and that he felt something inside his rectum. RESNICK told A.M. the substance was sperm. A.M. stated that afterwards, he took a shower and the burning stopped. A.M. also recounted bleeding from his rectal area. When A.M. was showering, RESNICK was laying on the bed. When A.M. finished, they both went to sleep. A.M. stated RESNICK always had A.M. sleep "butt naked" as they laid next to each other in bed. A.M. could not recall in which state this incident happened. A.M. recalled this was near the end of the two week trip with RESNICK.

      d.    A.M. recounted that on one occasion during the two week trip, while he and RESNICK were in the bed of the semi, RESNICK made A.M. suck RESNICK's penis. A.M. stated this lasted for less than one minute and sperm came out of RESNICK's penis and into A.M.'s mouth. A.M. stated that he "puked" when this happened. During the two week trip, A.M. explained how RESNICK would have A.M. rub RESNICK's penis and RESNICK would rub A.M.'s penis at the same time. A.M. could not recall the number of times this happened, but stated it happened over the entire two weeks.

      e.    A.M. recalled watching "porno" on RESNICK's laptop computer with RESNICK. When asked about the color of the laptop, A.M. responded it was possibly silver. A.M. recalled RESNICK showing him a video of a naked little girl on the computer. A.M. described what he viewed as, "a little girl butt naked walking towards the camera." The girl appeared to be 7, 8, or 9 years old in A.M.'s opinion. The little girl was white and had black hair. The filming appeared to be inside a house at an unknown location. A.M. also recalled RESNICK showing him a video of "a girl with a horse's dick inside her" on RESNICK'S computer. The girl was naked and looked grown up to A.M. A.M. thought the girl could have been a teenager. A.M. further

reported seeing on RESNICK's laptop computer "a girl in dog position." A.M. stated that, "a boy was going into her butt." The male and female in the video appeared to be Japanese or Chinese.

## BACKGROUND OF SOUTHERN DISTRICT OF FLORIDA INVESTIGATION

5. On April 26, 2011, a federal search warrant for the residence, located at 1585 SE Blockton Avenue, Port St. Lucie, Florida, in the Southern District of Florida, was obtained. The search warrant authorized the seizure of computers and related equipment. RESNICK was living at that address at the time of the search.

6. On April 27, 2011, the search warrant was executed by agents of the Miami and Indianapolis Divisions of the FBI, together with officers of the Port St. Lucie Police Department (PSLPD), St Lucie County Sheriff's Office (SLCSO), and the Martin County Sheriff's Office (MCSO). As a result of the search, multiple computers were seized, as well multiple computer storage devices and media.

7. Concurrent with the execution of the referenced search, MCSO Detective Brian Broughton conducted an on-site preview of one of the seized computers identified as an HP Pavilion laptop, model number DV-9500. Detective Broughton is a member of the South Florida Internet Crimes Against Children Task Force and a Computer Forensic Examiner. He has participated in investigations involving pedophiles, preferential child molesters, and persons who collect and/or distribute child pornography, along with the importation and distribution of materials relating to the sexual exploitation of children. He has received training in the area of child pornography and child exploitation through various training schools, and has observed and reviewed examples, and assisted in several child pornography and child exploitation investigations, which have involved reviewing examples in all forms of media including computer media,

8. In conducting his on-site preview, Detective Broughton discovered approximately 80 videos with titles consistent with child pornography, which had been partially downloaded using a peer-to-peer (P2P) computer software application.[1] A review of a

---

[1] P2P applications are publically available software that provide a method of direct communication between computers connected via the Internet (also known as "file sharing" programs). Such programs allow for the real-time exchange of computer files (audio, video, images, movies, programs, games etc.) between users. P2P programs are typically downloaded into a person's computer and then configured by the user to enable downloading files from the Internet, and/or the uploading of files contained in the user's hard drive. The files to be shared are typically placed into a "shared" folder. Typically, users may choose to make files available online to others, or configure the software so he/she may download files from others, without allowing access to his/her files. If a user's shared folder is made available online, it means the user is offering the files to other persons, worldwide, who are using compatible P2P software.

random sampling of the videos confirmed they indeed depict child pornography. The computer also contained non-pornographic, personal image files of Resnick, as well as image files of Resnick's Florida driver's license, a credit card in Resnick's name, and a voided personal check drawn on an account in Resnick's name. During subsequent questioning, Resnick further confirmed ownership of the computer.

9. On April 27, 2011, during further forensic processing of the above computer, Detective Broughton determined the computer had a second hard drive which had not been previewed. A review of that second hard drive, thus far, has revealed that it contains approximately 200 videos files, most of which appear to depict child pornography. These videos have been downloaded using a peer-to-peer (P2P) computer software application and stored in a folder named "Saved." A review of a random sampling of the videos confirmed those videos depict hard core child pornography as follows:

Name  **!!!New!!! (Pthc) nina (7yo bj).mpg**
File Created 08/19/10 06:36:47PM
Last Written 08/17/10 01:19:44AM
Full Path  C\New Folder\Saved\!!!New!!! (Pthc) nina (7yo bj).mpg
Description: 13 minute and 48 second color video, depicting an adult male and a nude prepubescent girl. The male is observed fondling the girl's breasts and vagina, and rubbing his penis on the child's vagina. Later in the video, the child is observed performing oral sex on the adult male.

Name  **(pthc)sally full(6yo)VERY GOOD.mpg**
File Created 08/19/10 06:37:48PM
Last Written 08/16/10 11:12:59PM
Full Path  C\New Folder\Saved\(pthc)sally full(6yo)VERY GOOD.mpg
Description:  6 minute and 49 second color video, depicting various scenes of numerous prepubescent girls, being vaginally and anally penetrated by adults (penis, finger, and dildos).

Name  **Gay Preteen pedo -2-8yo boys+man.mpg**
File Created 08/19/10 06:44:33PM
Last Written 07/15/09 11:51:51PM
Full Path  C\New Folder\Saved\Gay Preteen pedo -2-8yo boys+man.mpg
Description:  5 minute and 43 second color video, depicting two nude prepubescent boys performing oral sex on each other.

Name  **[ PTHC - Kingpass - Hussyfan] Mary 7Yo Arab Girl.mpg**
File Created 08/19/10 07:01:20PM
Last Written 12/26/09 01:42:32AM
Full Path  C\New Folder\Saved\[ PTHC - Kingpass - Hussyfan] Mary 7Yo Arab Girl.mpg

Description: 14 minute and 10 second color video, depicting a nude prepubescent girl performing oral sex on an adult male.

10. At the time of the search, four (4) individuals were present at the residence, and were identified as: RESNICK, M.P., P.B., and L.L. (true identities known but not disclosed herein). RESNICK and M.P. were identified as the full time residents of the property, while P.B. and L.L. were identified as the girlfriends of RESNICK and M.P., respectively. It was determined M.P. is employed at *O'Malley's Bar (O'Malley's)* in Port St. Lucie, Florida, as a manager, and he rents a room from RESNICK for $100 per month. P.B. claimed to be currently staying at the residence with RESNICK, while L.L. claimed she would stay at that location with M.P. a few nights per week.

11. Three (3) handguns were found and seized during the search. A Highpoint .45 caliber pistol, model JHP, serial number X-456894, with two (2) corresponding magazines and .45 caliber ammunition, was found in the bedroom occupied by M.P. Before the weapon was located, M.P. told the searching agents he owned such a weapon, and it would be found during the search. M.P. denied any knowledge of the other weapons and ammunition found during the search.

12. A Smith & Wesson "U.S. Navy" .38 caliber revolver, serial number V253286, was found in the garage, inside a duffel bag which also contained property believed to belong to RESNICK. Included among those items was a denim jacket which had a hotel receipt in one of the pockets. The receipt was in the name of Howard Resnick, and was for a hotel stay somewhere in Florida sometime in the past few months.

13. An American Derringer pistol, serial number 011321, and a Glock magazine loaded with 13 rounds of .40 caliber ammunition was found in a third bedroom which was not occupied by anyone at the time of the search.

14. During an interview of L.L., she informed she is employed as a bartender at *O'Malleys*, and reported that both M.P. and RESNICK carry hand guns at work for security reasons, due to the large amount of cash they handle. L.L. clarified the hand guns are usually kept in the office of *O'Malleys*. L.L. has seen such handguns within the past few months in the vicinity of the office safe at *O'Malley's*. L.L. could offer no further details regarding the handguns at work, and she had no knowledge regarding the weapons found at the residence during the search.

15. RESNICK was questioned about the Smith & Wesson "U.S. Navy" .38 caliber revolver found in the duffle bag. RESNICK initially denied any knowledge of the firearm. However when confronted with the fact that other items found in the duffle bag were related to him, RESNICK stated that he has moved around a lot and it was possible he had it among his possessions.

16. RESNICK is a convicted felon and thus prohibited from possessing a firearm. RESNICK was charged in the Northern District of Indiana, Case No. 99 CR 142 (J.

Moody), with eight federal felony gun/false statement related offenses via a Superseding Indictment on December 17, 1999. Resnick pled guilty on September 5, 2000 to two violations of 18 U.S.C. § 922(a)(6), making false statements in connection with the illegal acquisition of handguns, and on October 31, 2000, was sentenced to serve 18 months incarceration followed by three years of supervised release. RESNICK was charged with the Class C Felony offense of Theft in Porter County, Indiana Superior Court, on February 11, 2003 for allegedly stealing approximately $110,000.00 cash from his parents, Mr. and Mrs Howard Resnick, between on or about September 1, 2002 and October 19, 2002. Resnick pled guilty to a Class D Felony charge of Theft via a plea agreement with the Government in that case on January 9, 2004, and was sentenced to serve 3 years of incarceration, 1 year of which was suspended.

17. I know that American Derringer Corporation is located in Waco Texas, and Smith & Wesson is located in Springfield Massachusetts.

18. Based upon the foregoing facts, I believe RESNICK has committed offenses in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 922(g)(1).

Further, affiant sayeth naught.

_____
Alex D. Rivas
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me this 29 day of April 2011, in West Palm Beach, Florida.

_____
Linnea R. Johnson
United States Magistrate Judge

Page 6 of 6